[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by plaintiffs-appellants Ginger Karr, et al from a judgment of the Court of Common Pleas of Seneca County dismissing the case.
On July 8, 1996, Helen Beddow was injured in an automobile accident with Elizabeth Borchardt. Mrs. Beddow subsequently died from her injuries. Ms. Borchardt was insured by Westfield Insurance Company, which paid the limits of the liability coverage, $100,000 per person, to the Mrs. Beddow's estate. The remaining $200,000 of the policy was exhausted in payments to Andrew Beddow, Carolyn Ott, and Raymond Ott for their injuries.
Defendant-appellee Lightning Rod Mutual Insurance Company had issued a motor vehicle insurance policy to Donald and Sharon Sumpter with a policy limit of $50,000 in uninsured motorists coverage. In her complaint against Lightning Rod, Mrs. Sumpter, Mrs. Beddow's daughter, sought declaration that her policy afforded underinsured motorist's coverage to cover her loss due to the wrongful death of her mother in the automobile accident. Lightning Rod moved pursuant to Civ.R. 12(B)(6) to dismiss the claim on the grounds that the complaint failed to state a claim upon which relief can be granted. On June 9, 1998, the trial court granted this motion and dismissed the Sumpters' claim.
Appellant makes three assignments of error:
 The trial court erred in converting a Civ.R. 12(B)(6) motion to dismiss into a motion for summary judgment without affording the parties appropriate notice.
 The trial court erred in granting appellee's motion finding there was no underinsured motorists coverage.
 Assuming arguendo that appellee's policy tracked the S.B. 20 amendments to R.C. 3937.18, S.B. 20 is unconstitutional.
The trial court in its judgment entry "found that the Motion of [Lightning Rod] should be granted in that there are no genuine issues of material fact, and that [Lightning Rod] is entitled to judgment as a matter of law." Thus, the first assignment of error argues that the trial court improperly converted the motion to dismiss into a motion for summary judgment. The Civil Rules provide:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.] * * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.
Civ.R. 12(B).
Here, the trial court was presented with a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court found that no genuine issue of material fact existed and that the appellee was entitled to judgment as a matter of law. However, the policy upon which declaration was sought was not incorporated by the complaint and no other pleading presented the policy. The only portion of the policy before the trial court was the declarations page attached to the complaint which states that the policy provides,inter alia, $50,000 in uninsured motorists coverage. Thus, the trial court must have considered matters outside the pleadings to overcome the uncontroverted allegations of the complaint. In effect, this converted the motion from one of dismissal for failure to state a claim under Civ.R. 12(B)(6) to a motion for summary judgment pursuant to Civ.R. 56, which requires that all parties be given a reasonable opportunity to present opposing evidence. In this case, appellant was denied the opportunity to present evidence. Therefore, the first assignment of error is sustained.
Since the trial court improperly granted the motion to dismiss, the judgment of the Court of Common Pleas of Seneca County is reversed. The second and third assignments of error present issues which were not addressed in the decision of the trial court and thus are moot at this time.
Judgment reversed.
SHAW, P.J., and HADLEY, J., concur.